**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-16-0000364**
**29-SEP-2017**
**10:30 AM**

NO. CAAP-16-0000364

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
JOHN STEVEN SCHLAFF, Defendant-Appellant, and
BRANDON FREDIANELLI, Defendant-Appellee


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 14-1-0712)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Ginoza, JJ.)

Defendant-Appellant John Steven Schlaff (Schlaff) appeals from the March 31, 2016 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit (Circuit Court).[1] After a jury trial, the Circuit Court convicted Schlaff of Methamphetamine Trafficking in the Second Degree (Trafficking Second) in violation of Hawaii Revised Statutes (HRS) § 712-1240.8 (2014).[2] Schlaff was sentenced to, among other things, a ten-year term of incarceration with a mandatory minimum of one year.

---

[1]     The Honorable Karen S.S. Ahn presided.

[2]     HRS § 712-1240.8, applicable to the instant offense, provided in relevant part,

> **Methamphetamine trafficking in the second degree.** (1) A person commits the offense of methamphetamine trafficking in the second degree if the person knowingly distributes methamphetamine in any amount.

HRS § 712-1240.8 was repealed by Act 231 § 56 (2016).

"To distribute" is defined as "to sell, transfer, prescribe, give, or deliver to another, or to leave, barter, or exchange with another, or to offer or agree to do the same." HRS § 712-1240 (2014).

On appeal, Schlaff contends the Circuit Court erred by: (1) admitting as voluntary Schlaff's statement, "I know him, I sell to him too[,]" in violation of his Miranda[3] rights; (2) admitting evidence of uncharged possession of drug paraphernalia recovered from Schlaff's property; (3) failing to *sua sponte* declare a mistrial when Honolulu Police Department (HPD) officers testified, in violation of a motion in limine, to observing a "narcotics transaction" rather than a "suspected narcotics transaction[]"; and (4) withdrawing a jury instruction for the lesser included offense of Promoting a Dangerous Drug in the Third Degree (Promoting Third), in violation of HRS § 712-1243 (2014).[4]

After reviewing the parties' arguments, the record on appeal, and legal authorities, we resolve Schlaff's points on appeal as follows and affirm his conviction, but remand for resentencing.

1.    The Circuit Court did not err in determining that Schlaff's statement was voluntary and therefore admissible. Officer Enoka Lucas (Officer Lucas) and Sergeant Randall Rivera (Sergeant Rivera) stopped to investigate Schlaff and Brandon Fredianelli.  Officer Lucas addressed Nicholas Bernadini (Bernadini) because he was near the other men.  Officer Lucas collected Bernadini's personal information, and then asked Bernadini, "you know these guys?"  But before Bernadini could respond, Schlaff yelled looking at Bernadini, "[o]h, I know him, I sell to him too."  Assuming, without deciding, that Schlaff was in custody when he made his statements, the Circuit Court correctly applied the applicable test in considering the totality

---

[3]    Miranda v. Arizona, 384 U.S. 436 (1966).

[4]    HRS § 712-1243(1), provides in relevant part, "[p]romoting a dangerous drug in the third degree.  (1) A person commits the offense of promoting a dangerous drug in the third degree if the person knowingly possesses any dangerous drug in any amount."  Further, HRS § 712-1240 (2014) defines "Dangerous drugs" as "any substance or immediate precursor defined or specified as a 'Schedule I substance' or a 'Schedule II substance' by chapter 329[.]"  Schedule II substances include "Stimulants.  Any material, compound, mixture, or preparation which contains any quantity of the following substances having a danger or probable danger associated with a stimulant effect on the central nervous system: . . . (2) Any substance which contains any quantity of methamphetamine, including its salts, isomers, and salts of isomers[.]"  HRS § 329-16(e)(2).

2

of the circumstances, including the foregoing in concluding that Schlaff was not under interrogation at the time. Whether "'interrogation' has taken place is whether the police officer 'should have known that his [or her] words and actions were reasonably likely to elicit an incriminating response from the defendant.'" <u>State v. Kanzanas</u>, 138 Hawai'i 23, 38, 375 P.3d 1261, 1276 (2016).

> 2. The Circuit Court did not err in admitting evidence of Schlaff's possession of drug paraphernalia at the time of his arrest. Based on our de novo review, the Circuit Court was correct in deeming the evidence relevant to Schlaff's knowledge that he possessed methamphetamine. Hawaii Rules of Evidence (HRE) Rule 404(b).[5] While the use of the paraphernalia was not limited to methamphetamine, that the items could be used with methamphetamine as well tended to make Schlaff's knowledge that he possessed methamphetamine more probable than not. <u>See</u> HRE Rule 401.[6]

> The Circuit Court did not abuse its discretion in determining the probative value of this evidence was not outweighed by its potential for unfair prejudice. HRE Rule 403.[7]

---

[5] HRE Rule 404(b) provides,

> (b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible where such evidence is probative of another fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident. In criminal cases, the proponent of evidence to be offered under this subsection shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the date, location, and general nature of any such evidence it intends to introduce at trial.

[6] HRE Rule 401 provides,

> Definition of "relevant evidence". "Relevant evidence" means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

[7] HRE Rule 403 provides,

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair

(continued...)

3

As Schlaff admitted possession of the paraphernalia at the time of his arrest, the probative value of the evidence was high, there was strong need for the evidence to prove Schlaff's knowledge, the nature of the items was unlikely to move the jury to "overmastering hostility", and the Circuit Court issued multiple limiting instructions admonishing the jury not to consider the evidence for the improper purpose of inferring that Schlaff was of bad character and therefore was guilty of the offense. The instructions mitigated the prejudicial effect because "[a] jury is presumed to have followed the court's instructions." State v. Balanza, 93 Hawai'i 279, 289, 1 P.3d 281, 291 (2000), and "[t]he prejudicial effect of prior bad-act evidence can be reduced or eliminated by proper jury instructions." State v. Brooks, 123 Hawai'i 456, 471, 235 P.3d 1168, 1183 (App. 2010) (citing Balanza, 93 Hawai'i at 289, 1 P.3d at 291).

Schlaff argues that he was prejudiced by the number of limiting instructions given by the Circuit Court. However, if these instructions had not been issued after each triggering event, the jury may well have been left with the impression the evidence could be considered for more than Schlaff's state of mind. Moreover, Schlaff did not object to the number of these instructions. Thus, Schlaff's argument is without merit.

Having independently determined the evidence in question was relevant and that the Circuit Court did not abuse its discretion in ruling that the probative value was not substantially outweighed by the danger of unfair prejudice, we conclude that the Circuit Court did not err in admitting the syringes, cut straws, and Ziploc baggies. See HRE Rule 403.

3. The Circuit Court did not err by not *sua sponte* declaring a mistrial in response to violations of its *in limine* ruling. When reviewing whether improper remarks by a witness constituted reversible error we apply the same analysis used for allegations of prosecutorial misconduct. State v. Lawhead, 120

---

[7](...continued)
prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Hawai'i 281, 204 P.3d 500, No. 29019 2009 WL 796331 (App. Mar. 27, 2009) (citing State v. Samuel, 74 Haw. 141, 148, 838 P.2d 1374, 1378 (1992)). "In determining whether prosecutorial misconduct constitutes reversible error, we have considered the nature of the misconduct, the promptness of a curative instruction or lack of it, and the strength or weakness of the evidence against the defendant." Id.

As it was not a "definitive statement" that went to the ultimate issue of whether a drug transaction had occurred, Corporal Ross Furuhashi's testimony did not violate the motion in limine and, in any event was the subject of an immediate limiting instruction. Officer Lucas's testimony that another officer said he had seen a narcotics violation was in violation of the *in limine* ruling but was stricken and also subject to a limiting instruction. Similarly, Sergeant Rivera's testimony that he witnessed a narcotics transaction ran afoul of the *in limine* ruling but was clarified somewhat by the deputy prosecutor's follow up question about what the sergeant did after "you saw what you suspected was a drug transaction" and was also accompanied by the court's cautionary instruction.

Given the promptness of the curative instructions, the limited nature of the two improper remarks, and the strength of the prosecution's case, we conclude that the Circuit Court did not abuse its discretion in deciding not to, *sua sponte* declare a mistrial.

4. Circuit Court did not err when it withdrew the jury instruction for the lesser included offense of Promoting a Dangerous Drug in the Third Degree (Promoting Third). The test for giving a lesser-included offense instruction focuses on whether under "any view of the evidence[,]" there is a rational basis for the jury to acquit of the charged offense and convict of the lesser-included offense. State v. Flores, 131 Hawai'i 43, 53, 314 P.3d 120, 130 (2013).

In deciding to withdraw the instruction for Promoting Third, the Circuit Court considered the differing testimony of the witnesses which described three starkly different versions of the events leading to Schlaff's arrest and ruled that there was

5

no rational basis to acquit Schlaff of the charged offense and to convict him of the lesser-included offense. In two of these scenarios Schlaff was never in possession of methamphetamine, and in the other scenario Schlaff clearly distributed the methamphetamine. Therefore, there was no rational basis in the evidence for acquitting Schlaff of Trafficking Second and convicting him of Promoting Third, and thus the Circuit Court properly withdrew the jury instruction.

Finally, although not raised by the parties, because HRS § 712-1240.8 (2014) has been repealed and the provisions of HRS § 712-1242(1)(c) (2016 Supp.) now apply to Schlaff's conviction, we must vacate his sentence for resentencing by the Circuit Court. State v. Bovee, 139 Hawai'i 530, 544, 394 P.3d 760, 774 (2017).

Therefore, the March 31, 2016 Judgment of Conviction and Sentence entered by the Circuit Court of the First Circuit is vacated insofar as the sentence imposed and the case is remanded for resentencing.

DATED: Honolulu, Hawai'i, September 29, 2017.

On the briefs:

Daniel Kawamoto,
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge